IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Casey A. Roach and Emily K. Harkins, ) | C/A No. 7:20-cv-03601-DCC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Samuel W. White, Office of the Union ) | |
| County Sheriff, Union County ) | |
| Sheriff's Office, and Reggie Ellison, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on Motion of Defendants Samuel W. White, Office of the Union County Sheriff, Union County Sheriff's Office, and Reggie Ellison for Summary Judgment. ECF No. 34. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling and a Report and Recommendation ("Report"). On February 2, 2022, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 42. The Magistrate Judge advised the parties of the procedures and requirements for filing Objections to the Report and the serious consequences if they failed to do so. Plaintiffs filed Objections, and Defendants filed a Reply. ECF Nos. 44, 48.

## **BACKGROUND**

Plaintiffs filed suit in the Union County Court of Common Pleas on September 3, 2020, asserting claims against employees of the Union County Sheriff's Office for negligence/gross negligence, malicious prosecution, and violation of constitutional rights

pursuant to 42 U.S.C. § 1983. ECF No. 1-1. On October 14, 2020, Defendants removed the action to this Court. ECF No. 1. On December 16, 2021, Defendants filed their Motion for Summary Judgment; Plaintiffs filed a Response in Opposition on January 4, 2022; and Defendants filed a Reply on January 25, 2022. ECF Nos. 34, 36, 41. The Magistrate Judge issued a Report on February 2, 2022, recommending that the Motion be granted. ECF No. 42. Plaintiffs filed Objections, and Defendants filed a Reply. ECF Nos. 44, 48.

No party has objected to the Magistrate Judge's thorough recitation of the facts and applicable law, and it is incorporated herein by reference. *See* ECF No. 42 at 1–6.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## DISCUSSION

### I. Probable Cause

In recommending that Defendants' Motion for Summary Judgment be granted, the Magistrate Judge determined that no genuine issue of material fact exists regarding

whether Deputy Ellison had probable cause to arrest Plaintiffs for child neglect under S.C. Code Ann. § 63-5-70(a)(1).  ECF No. 42 at 10.  Specifically, the Magistrate Judge discussed the facts and circumstances within Deputy Ellison's knowledge at the time of the arrest as well as the details of the investigation conducted at Plaintiffs' home.  *Id.* at 10–13.  Viewing those facts and circumstances in the light most favorable to Plaintiffs, the Magistrate Judge found they were sufficient to warrant a reasonable person to believe that Plaintiffs had placed their child in an unreasonable risk of harm, thus creating probable cause for arrest.  *Id.* at 11, 13.  The Magistrate Judge also determined that Deputy Ellison's statement in his affidavit for an arrest warrant that Plaintiffs allowed the child to leave their residence and cross a road unattended was not materially misleading.  *Id.* at 14.  Instead, the Magistrate Judge found the deputy's use of the term "allow" in this instance could include the factual allegations at issue here under some definitions of the word, such as to permit through inaction.  *Id.* at 13–14.  Moreover, the Magistrate Judge concluded that Deputy Ellison had probable cause to arrest for child neglect, regardless of any purported subjective state of mind for arresting Plaintiff Roach based on his refusal to answer the deputy's questions.  *Id.* at 14–15.

Plaintiffs object to the Magistrate Judge's probable cause determination, arguing that there is a genuine issue of material fact as to whether law enforcement developed any evidence that Plaintiffs did anything unreasonable to cause the child to leave the residence.  ECF No. 44 at 2.  Contrary to Deputy Lancaster's observation noted in his deposition that Plaintiffs had not been looking for the child and were unaware that he was missing, Plaintiffs emphasize there is evidence that they had been looking for their child prior to law enforcement's arrival and that they were concerned and frightened for his

3

safety. *Id.* at 2–3. Plaintiffs also object to the Magistrate Judge's finding regarding Deputy Ellison's misleading statement in his affidavit that they allowed the child to leave the home unattended because there is no evidence that Plaintiffs did anything unreasonable to cause the child to leave the home. *Id.* at 3. Plaintiffs further argue that there is a genuine issue of material fact as to whether Plaintiff Roach was arrested for asserting his constitutional right not to answer questions rather than a purported violation of the child neglect statute. *Id.* at 3–4.

The Court is constrained to agree with the Magistrate Judge's analysis and conclusion that there is no genuine issue of material fact as to whether probable cause existed to arrest Plaintiffs. Probable cause is an objective standard "determined from the totality of the circumstances known to the officer at the time of the arrest." *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998); *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). It is clear from the record that the deputies conducted a detailed investigation through the interview of witnesses and observations made at the scene. Based upon the facts and circumstances within the officers' knowledge at the time of the arrest, the Court finds that probable cause existed. *See Humbert v. Mayor & City Council of Balt. City*, 866 F.3d 546, 555 (4th Cir. 2017) ("[P]robable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed . . . an offense.").[1] The Court also agrees that Deputy Ellison's

---

[1] S.C. Code Ann. § 63-5-70 provides in relevant part:

> (A) It is unlawful for a person who has charge or custody of a child, or who is the parent or guardian of a child, or who is

4

use of the word "allow" in his affidavit was not materially misleading for the reasons set forth in the Report but further notes that the officer could have used a more precise and accurate word to describe what had occurred. Nevertheless, the officer's alleged subjective reason for arresting Plaintiff Roach is irrelevant to whether probable cause existed to arrest him for child neglect. Therefore, Plaintiffs' objections are overruled.

While the Court ultimately agrees with the Magistrate Judge that probable cause existed to arrest Plaintiffs for child neglect, the undersigned takes this opportunity to note its disapproval regarding the arresting officer's actions in this case. Upon review of the video evidence in the record, it appears that at least part of the decision to arrest Plaintiffs was based upon the officer's dissatisfaction with Plaintiffs' conduct. Indeed, this observation is borne out by the body cam video of the investigation and arrests, which demonstrates the officer's visible and audible frustration with Plaintiffs' behavior. Nevertheless, the Court is obligated to apply the law to the facts of this case, and in doing so, finds that there is no genuine issue of material fact as to whether probable cause existed to arrest Plaintiffs for child neglect. This finding does not, however, excuse any

---

responsible for the welfare of a child as defined in Section 63-7-20 to:

> (1) place the child at unreasonable risk of harm affecting the child's life, physical or mental health, or safety[.]

According to the record, the facts and circumstances within the officer's knowledge at the time of Plaintiffs' arrest for child neglect include the following: Plaintiffs were asleep in their home; no one was watching the child when he exited the home and travelled a substantial distance to a well-travelled road where he was rescued by passing motorists; and it was not the first time the child had gotten out without Plaintiffs knowing.

potentially personal or vindictive reasons the officer may have harbored for arresting Plaintiffs.

## II.  Qualified Immunity

In the Report, the Magistrate Judge determined that Deputy Ellison is entitled to the protections of qualified immunity because Plaintiffs did not demonstrate that he violated their constitutional rights.  ECF No. 42 at 15.  Plaintiffs object to the Magistrate Judge's qualified immunity finding because they believe there is a genuine issue of material fact as to the existence of probable cause.  ECF No. 44 at 4.  Based upon the Court's discussion above that probable cause existed to arrest Plaintiffs, the Court agrees with the Magistrate Judge that Deputy Ellison is entitled to qualified immunity.  Plaintiffs have not demonstrated that Deputy Ellison violated their constitutional rights.  *See Harlow v. Fitzgerald*, 457 U.S 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").  Such is the case here and, therefore, Plaintiffs' objection is overruled.

## III.  Malicious Prosecution

The Magistrate Judge determined in the Report that because Plaintiffs failed to demonstrate a genuine issue of material fact regarding the existence of probable cause, they also failed to establish an essential element of their malicious prosecution claim—a lack of probable cause.  ECF No. 42 at 16.  Accordingly, the Magistrate Judge recommends that this Court grant Defendants' Motion as to this claim.  *Id.*  Again, Plaintiffs

argue that a genuine issue of material fact exists regarding probable cause. ECF No. 44 at 4–5. For the reasons set forth above, Plaintiffs' objection is overruled.[2]

## IV. Statute of Limitations

Lastly, the Magistrate Judge determined that Plaintiffs' negligence claim was barred by the two-year statute of limitations because more than two years passed from the time that Plaintiffs were arrested to the time that they filed their Complaint in this case. ECF No. 42 at 17. Specifically, the Magistrate Judge found that because the statute of limitations began to run at the time of arrest, and it is undisputed that Plaintiffs did not file this action within the two-year period, Plaintiffs' claim is time barred. *Id.* 17–18. Plaintiffs, on the other hand, contend that the applicable two-year statute of limitation is governed by the discovery rule, and consequently, there is a jury question as to whether Plaintiffs reasonably should have known that they had a cause of action because there was no presentation to the grand jury, no probable cause hearing, and no action taken by the Solicitor's Office until the case was dismissed. ECF No. 44 at 5. The Court agrees with the Magistrate Judge's analysis and conclusion that Plaintiffs' negligence claim is barred by the applicable two-year statute of limitations.[3] *See* S.C. Code Ann. § 15-78-110 ["[A]ny

---

[2] The Court notes that the United States Supreme Court recently changed the law in this area, holding that "[t]o demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, No. 20-659, 2022 WL 994329, at *2 (U.S. Apr. 4, 2022). However, this change in the law does not impact the decision in this case because a lack of probable cause is still required to establish a claim for malicious prosecution. *See id.* at *4 ("[T]he gravamen of the Fourth Amendment claim for malicious prosecution, as this Court has recognized it, is the wrongful initiation of charges without probable cause.").

[3] The Magistrate Judge also recommended that any purportedly alleged state law claim for false arrest be dismissed as time barred. ECF No. 42 at 18 n.2. Plaintiffs have

action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered . . . ."); *McDonald v. Anderson Cnty. Sheriff's Off.*, C.A. No. 8:19-cv-3212-HMH-KFM, 2020 WL 7033450, at *6 (D.S.C. Nov. 5, 2020) (finding that a plaintiff's state law negligence claim based on an alleged false arrest was time barred when he did not file the complaint until over two years after the date of his arrest), *Report adopted by* 2020 WL 7029942 (D.S.C. Nov. 30, 2020). Therefore, Plaintiffs' objection is overruled.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Plaintiffs' Objections [44] and **ADOPTS** the Report [42]. Accordingly, Defendants' Motion for Summary Judgment [34] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 20, 2022
Spartanburg, South Carolina

---

not objected to this finding. Regardless, the Court agrees with the Magistrate Judge's recommendation.

8